UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN MICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-3128-MTS |
| | ) |
| JEFF MOLKENTIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Exclude the Testimony of Defendants' Expert Witnesses, Doc. [63]. For the reasons set forth below, the Motion is denied.

This case arises from injuries to Plaintiff's spine allegedly from a tractor-trailer collision. The theory put forth by Plaintiff, generally, is that Defendant Jeff Molkentin[1] reversed his tractor-trailer without looking and accidently collided with Plaintiff's Kia Soul. In technical terms, this is called an "underride" collision, whereby the passenger vehicle goes underneath or "underrides" the tractor-trial unit during the collision. While there is a litany of disputed facts in this case, including whether the collision even occurred, it is undisputed that at the time of the alleged collision, Defendant Molkentin was driving a tractor-trailer and that Plaintiff's Kia was damaged. It is also undisputed that Plaintiff underwent spinal surgery with Dr. Matthew Gornet. This case is currently set for trial in November 2022. In the current Motion, Plaintiff moves to exclude the opinions of four of Defendants' expert witnesses, whose testimony all pertain to either the collision or the costs of Plaintiff's medical treatment. Doc. [63].

---

[1] Defendant Molkentin is a driver for Defendant C.R. England, Inc.

1

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. A "liberal" standard is applied to the admission of expert testimony. *Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 562 (8th Cir. 2014). As such, a district court acts as a "gatekeeper" when screening expert testimony for relevance and reliability. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1000 (8th Cir. 2019). In exercising its gatekeeping function, this Court should make a "'preliminary assessment of whether the reasoning or methodology underlying the [proposed experts'] testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue,' focusing specifically on the methodology and not the conclusions." *Id.* at 1000–01 (quoting *Daubert*, 509 U.S. at 592–93). "To satisfy the reliability requirement, the proponent of the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757–58 (8th Cir. 2006). "Doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Id.* at 758. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

Plaintiff argues that testimony from four of Defendants' experts are based on methodology that is either faulty, unreliable, or not likely to assist the jury in reaching the ultimate facts in this case. The Court disagrees with Plaintiff's contentions, especially given the Court's gatekeeping role and the "liberal" standard it applies to exclude expert testimony. *Johnson*, 754 F.3d at 562; *Daubert*, 509 U.S. at 589. To address any potential issues within Defendants' experts' opinions, Plaintiff can utilize the adversary process such as "vigorous cross-examination, presentation of

contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596; *Johnson*, 754 F.3d at 562 ("As long as the expert's . . . testimony rests upon 'good grounds, based on what is known,' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded at the outset." (quoting *Daubert*, 509 U.S. at 596)); *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) ("As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."); *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003) ("The identification of such flaws in generally reliable scientific evidence is precisely the role of cross-examination.").

## CONCLUSION

The Court declines to exclude the testimony of Mr. Forest, Mr. Wiechel, Dr. Boland, and Ms. Pacheco.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude the Testimony of Defendants' Expert Witnesses, Doc. [63], is **DENIED**.

Dated this 15th day of September, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE